# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0662. TONY L. WARE v. FIDELITY ACCEPTANCE CORP. n/k/a WELLS FARGO FINANCIAL, LLC d/b/a WELLS FARGO USA HOLDINGS.**

In his third appearance in this Court, plaintiff Tony L. Ware seeks discretionary review of two orders entered in his pending matter against the defendants.[1] For reasons explained below, we lack jurisdiction.

After Ware obtained a default judgment against the defendants in this civil action, they filed motions to set aside the judgment, which appear to remain pending below. See *Ware v. Fid. Acceptance Corp.*, Case No. A19A2118 (June 12, 2019). In April 2026, we dismissed as interlocutory Ware's direct appeal from a January 2026 trial court order that corrected a clerical error and set forth a briefing schedule to address outstanding issues, including the motions to set aside. *Ware v. Fid. Acceptance Corp.*, Case No. A26A1494 (Apr. 6, 2026). Consequently, on June 18, 2026, the trial court entered an order updating its prior briefing schedule to address the still-outstanding issues. And on June 24, 2026, it entered an order that made our April 2026 judgment the judgment of the trial court. Ware then filed an application for discretionary review, seeking review of both June 2026 trial court orders.

Because nothing about the procedural posture of the case has changed since Ware's prior interlocutory appeal in Case No. A26A1494, Ware was required to use

---

[1] Ware also filed a notice of appeal from the same two trial court orders. That appeal has been docketed in this Court as Case No. A27A0097 and will be addressed by separate order.

the interlocutory appeal procedure, including obtaining a certificate of immediate review from the trial court and filing an application for interlocutory review. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989). Although Ware filed an application for discretionary appeal, compliance with the discretionary-appeal statute, OCGA § 5-6-35, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34(b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).[2]

Consequently, Ware's failure to comply with the interlocutory appeal requirements deprives us of jurisdiction over this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/05/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] On May 8, 2026, Ware filed a petition for certiorari in the Supreme Court from this Court's April 6, 2026 judgment in which he asserted that he is entitled to a direct appeal in this Court. See Case No. S26C1408. Pretermitting whether the trial court was deprived of jurisdiction to rule further as a result of the petition for certiorari, the orders for which Ware seeks review here remain interlocutory, depriving this Court of jurisdiction to consider them.